# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-22-00275-CV

---

**Progressive County Mutual Insurance Company, Appellant**

**v.**

**Brian Koetter and Elyssa Parven, Individually, and on behalf of themselves and for all others similarly situated, Appellees**

---

### FROM THE 353RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-18-005132, THE HONORABLE CATHERINE MAUZY, JUDGE PRESIDING

---

## D I S S E N T I N G   O P I N I O N

I concur with the Court's analysis of sub-issue one and sub-issue three and its overruling of these sub-issues. However, I respectfully disagree with the Court's conclusion that we must reverse the class-certification order and remand for further proceedings because the trial court abused its discretion by failing to address legal disputes about the elements of appellees' claims. Instead, I would conclude that the legal disputes raised by Progressive are issues that either have been resolved by our analysis of sub-issue one, were adequately resolved by the trial court before certification, or were not issues that the trial court was required to resolve before certification. The remaining legal issues raised by Progressive either concern damages calculations to be made only after liability is determined or are legal issues that are common to the class and thus appropriate for resolution after certification. *See Mosaic Baybrook One, L.P. v. Cessor*, 668 S.W.3d 611, 622 (Tex. 2023) ("We reject Mosaic's suggestion that reversal of a

certification order is warranted whenever a defendant contends there is a legal error in the plaintiff's position and the trial court treats that legal dispute as an issue suited for class-wide resolution."). I believe that common issues predominate, and therefore, I would affirm the class-certification order. Accordingly, I respectfully dissent from the Court's judgment.

 

 

_____

Gisela D. Triana, Justice


Before Chief Justice Byrne, Justices Triana and Smith

Filed:   December 31, 2024